**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**DANIEL LEPPIEN,**                    :

      **Plaintiff**                    :

         **v.**                    :

**WEXFORD HEALTH SOURCES,**    :
<u>et</u> <u>al</u>.,
      **Defendants**                    :

**CIVIL ACTION NO. 3:15-0709**

**(JUDGE MANNION)**

<u>**MEMORANDUM**</u>

## I.   <u>Background</u>

Plaintiff, Daniel Leppien, an inmate confined in the Laurel Highlands State Correctional Institution, ("SCI-Laurel Highlands"), Somerset, Pennsylvania, filed the above captioned counseled civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are Wexford Health Sources, Inc., a Pittsburgh Corporation, and the following employees of SCI-Laurel Highlands and SCI-Pittsburgh: Annette Kowaleski, SCI-Laurel Highlands Health Care Administrator; Hans Reisinger, SCI-Laurel Highlands Physician's Assistant; SCI-Laurel Highlands nurses Leszczynski and Missoria; Dr. Melissa Wotring-Norman, SCI-Highlands physician; John/Jane Doe, SCI-Laurel Highlands Site Medical Director; Mark Capozza, SCI-Pittsburgh Superintendent; William Woods, SCI-Pittsburgh Deputy Superintendent; Jamey Luther, SCI-Highlands Superintendent; John Does, SCI-Pittsburgh prison guards 1-10.

Plaintiff alleges that on April 22, 2014, while incarcerated at SCI-Pittsburgh, Plaintiff was the victim of a nearly deadly assault, perpetrated by his cell mate, Brandon Walker, that rendered him unconscious and comatose and resulted in severe injuries, including but not limited to: (1) a fractured skull with hemorrhaging, prolonged unconsciousness, and deep coma; (2) cerebral edema; (3) fracture of malar and maxillary bones; (4) fracture of mandible; (5) brain damage; (6) nasal fractures; (7) acute posthemorrhagic anemia; (8) pulmonary contusion and insufficiency; and (9) a non-reactive left pupil. (Doc. 1 at 6, complaint). Plaintiff states that "this action arises from the failure of SCI-Pittsburgh staff and administration to prevent and/or mitigate the assault and injuries by understaffing the institution and failing to ensure sufficient oversight and supervision of the population, as well as subsequent deficiencies in the medical treatment provided to Plaintiff at SCI-Laurel Highlands thereafter." Id.

On April 10, 2015, Plaintiff filed the instant action, in which he seeks compensatory and punitive damages from all named Defendants for "reckless disregard of Plaintiff's safety and health." (Id. at 48).

## II.  **Discussion**

Venue for actions brought under §1983 is governed by 28 U.S.C.

§1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since the incidents complained of emanate from Somerset and Allegheny Counties, and the defendants are located in these counties, both of which are located in the Western District of Pennsylvania, venue is more appropriate in the Western District, not in this one; and the action should be dismissed or transferred.

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. Section 1406(a). In the interest of justice, therefore, this case will be transferred to the Western District of Pennsylvania. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:    April 20, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0709-01.wpd